IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONNIE JACKSON, #Y22064, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-01009-SMY |
| | ) |
| KRISTOPHER THARP | ) |
| and PAUL SARHAGE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**YANDLE, District Judge:**

Plaintiff Ronnie Jackson, an inmate currently in the custody of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983[1] (Doc. 2). He claims the defendants deprived him of a protected liberty interest and violated the Fourteenth Amendment by punishing him with a 30-day lockdown and commissary restriction when they smelled smoke in his cell block at the Madison County Jail (Doc. 15).

This case is now before the Court for consideration of Kristopher Tharp and Paul Sarhage's motion for summary judgment (Doc. 27). Plaintiff filed no response in opposition to the motion.[2] For the following reasons, the motion is **DENIED**.

**Factual Background**

Construed in the light most favorable to Plaintiff, the evidence and reasonable inferences establish the following facts relevant to the pending motion: Plaintiff was detained at the Madison

---

[1] This case was severed from an action filed by 13 inmates who were housed together in South B-block of Madison County Jail. *See Evans v. Tharp, et al.*, No. 21-cv-00905-JPG (S.D. Ill. filed Aug. 11, 2021).
[2] In a Rule 56 Notice entered when Defendants filed their motion for summary judgment, the Court explained that "[i]f a party fails . . . to properly address another party's assertion of fact" in a motion for summary judgment, the Court may "consider the fact undisputed for purposes of the motion" pursuant to Rule 56(e) of the Federal Rules of Civil Procedure (Doc. 28). Because Plaintiff filed no response, the Court accepts Defendants' findings of fact as undisputed. *See* FED. R. CIV. P. 56(e).

1

County Jail during the events giving rise to this action (Doc. 27-1). Defendant Sarhage disseminated a memorandum informing inmates that officers would impose a 30-day lockdown, if staff smelled smoke in the Jail (*id*. at 14:5-12). Defendant Tharp passed out the memorandum to the plaintiff and others one week before the lockdown (*id*. at 14:3-12; 18:1-6).

When Defendant Sarhage smelled smoke on July 29, 2021, Plaintiff's cell block was placed on lockdown. (*id*. at 15-17). Plaintiff learned later that inmates in his cell block were smoking an unknown substance (*id*. at 17:1-4). However, he was sleeping (*id*. at 15:24-25).

The lockdown continued for 30 days, during which time Plaintiff disclosed no physical injuries (*id*. at 20:1-3). However, he was limited to showers every 2 or 3 days, denied access to hygiene supplies, denied mental health treatment, and also denied commissary (*id.* at 20: 5-10; 21: 19-25). He could not purchase extra food for consumption (*id.* at 21: 12-15). He filed a grievance detailing the above facts and complaining that there was no investigation before the lockdown occurred (*id*. at 18:16-25; 19:1-19; 25:16-19).

## Discussion

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue as to any material fact — that is where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986). If the evidence is merely colorable or is not sufficiently probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

The Fourteenth Amendment guarantees a right to procedural due process protections when the state deprives a person of a constitutionally protected interest in "life, liberty, or property." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Any "nontrivial punishment of a person not yet convicted" is a sufficient deprivation of liberty to trigger due process protections. *See Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005) (collecting cases). A pretrial detainee cannot be placed in segregation as punishment for a disciplinary infraction without some procedural protections, such as notice and an opportunity to be heard. *Rapier v. Harris,* 172 F.3d 999, 1004-05 (7th Cir. 1999). But no due process is required if the segregation is not punishment and was done for managerial reasons. *Id.* at 1002-1006.

The government may take reasonable measures to effectuate pretrial detention, including those steps necessary to ensure safety and security at the facility. *Johnson v. Murray*, -- F.4th --, 2024 WL 208152 (7th Cir. Jan. 19, 2024). When the measures are rationally related to the orderly management of that facility, they are not considered punishment for the crime the detainee is charged with committing. *Rapier*, 172 F.3d at 1003 (citing *Bell v. Wolfish*, 441 U.S. 520, 540 n. 23 (1979)). In other words, detainees can be moved to segregation for institutional safety, security, or other preventative reasons. *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2022). In such cases, a hearing would not be practicable or useful, because "managerial decisions do not have the character of rulings applying legal standards to facts, the kind of rulings for which adjudicative hearings are designed." *Id.*

In this case, Plaintiff's placement on lockdown for 30 days may have amounted to punishment. Although Defendants assert that this 30-day lockdown was managerial (for safety reasons) and not punishment, the record is too sparse at this juncture to support summary judgment on that basis. There is no explanation in the record as to what type of smoke Defendant Sarhage

3

smelled (such as marijuana, tobacco, faulty radiators, or fire), for how long the smoke lingered, whether an investigation into the smoke ever occurred, or why a 30-day lockdown was necessary. *Id.* (holding that it was unclear as to whether a lockdown was managerial when there was no evidence "on why [its length was] 34 days rather than 24 or 44"). Given the extended duration of the lockdown and related restrictions on Plaintiff's diet, access to hygiene supplies, and mental health treatment,[3] the lockdown may have amounted to punishment, at some point. And, given the stated reason for it – 30 days for the smell of smoke from an unknown substance and origin – a reasonable jury could find that the lockdown was punitive and required a hearing. *Rapier*, 172 F.3d at 1004-1005.

## Conclusion

For the foregoing reasons, the Motion for Summary Judgment (Doc 27) is **DENIED.** This case will be set for a status conference by separate order.

**IT IS SO ORDERED.**

**DATED: 3/12/2024**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[3] Plaintiff had no constitutional right to commissary during the lockdown. *Moore v. Pemberton,* 110 F.3d 22, 23 (7th Cir. 1997) (denial of commissary privileges does not implicate liberty interest).